**Abul HASHEM, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

No. 08–3675–ag.

United States Court of Appeals, Second Circuit.

July 17, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**104**

Durga Prasad Bhurtel, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Gregory M. Kelch, Attorney, Civil Division, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, PIERRE N. LEVAL, JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Abul Hashem, a native and citizen of Bangladesh, seeks review of the June 26, 2008 order of the BIA denying his motion to remand and affirming the January 4, 2007 decision of Immigration Judge ("IJ") Robert D. Weisel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Abdul Hashem,* No. A79 114 098 (B.I.A. Jun. 26, 2008), *aff'g* No. A79 114 098 (Immig. Ct. N.Y. City Jan. 4, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### I. BIA's Affirmance of IJ's Decision

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for deny-

ing relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Further, when the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Here, the BIA affirmed the IJ's adverse credibility determination, rejected the IJ's reliance on Hashem's alleged bigamy as a basis for that determination, and supplemented the IJ's decision by evaluating the corroborative evidence in the record and denying Hashem's motion to remand. Thus, we review the IJ's adverse credibility determination as supplemented by the BIA, minus the single finding the BIA rejected. *See Xue Hong Yang,* 426 F.3d at 522; *see also Yan Chen,* 417 F.3d at 271.

We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

For asylum applications governed by the amendments made to the Immigration and Nationality Act ("INA") by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable factfinder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008).

## A. Withholding of Removal[2]

■ The IJ properly based his adverse credibility determination on an inconsistency between Hashem's asylum application and his testimony and an internal inconsistency within his testimony. First, the IJ noted that while Hashem alleged in his application that his wife was beaten in front of him when he was attacked at home, he failed to testify that any such beating took place. The IJ properly considered this inconsistency. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Further, while Hashem argues that the IJ did not give him the opportunity to explain this inconsistency during his hearing, after considering the transcript of his testimony, we find that this inconsistency is sufficiently drastic, such that the IJ was not required to solicit an explanation before relying on it. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005).

Second, the IJ noted that Hashem's testimony was internally inconsistent with regard to which political party was in power when he fled Bangladesh. Indeed, Hashem initially testified that the BNP "ha[s] been in power since 1996 and [is] still in power," then changed his testimony, stating that, "[i]n fact Awami League was in power from year 1996 through year 2000." It was proper for the IJ to rely on this internal inconsistency in making his adverse credibility determination under the REAL ID Act. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Further, the IJ was not required to credit Hashem's explanation that "it had just escaped from [his] mind" where a reasonable fact-finder would not have been compelled to do so. *See, e.g., Majidi*, 430 F.3d at 80–81. Moreover, because Hashem claimed to be a leader of the Awami League and based his claim for relief on persecution he alleg-edly suffered because of that political activity, the IJ properly considered this inconsistent testimony to be particularly substantial.

Further, where the IJ had found Hashem's testimony not credible, the BIA properly reviewed the evidence of record and concluded that it could not rehabilitate Hashem's credibility. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006).

Considering the "totality of the circumstances," the record does not compel the conclusion that Hashem was credible. *See Xiu Xia Lin*, 534 F.3d at 167. Thus, the IJ's denial of Hashem's application for withholding of removal was proper. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic*, 519 F.3d at 95.

## B. CAT Relief

Inasmuch as Hashem based his claim for CAT relief on the same factual predicate as his withholding of removal claim, and the IJ found that this claim lacked credibility, his CAT claim necessarily fails. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

## II. Motion to Remand

■ We review the BIA's denial of a motion to remand under the same substantive standard as a motion to reopen. *Li Yong Cao v. U.S. Dept. Of Justice*, 421 F.3d 149 (2d Cir.2005). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam).

Here, because the evidence Hashem submitted in support of his motion to remand related to his claim of political persecution, and the agency properly found that claim was not credible, the BIA did not

---

2. Hashem has waived any challenge to the agency's pretermission of his untimely asylum application. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

abuse its discretion in denying his motion on that basis. *See id.* at 234 (finding that the BIA does not abuse its discretion in denying a motion to reopen where the evidence submitted with that motion relates to the same claim the agency found not credible in the underlying proceeding); *see also Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147 (2d Cir.2007) (finding that the application of the doctrine falsus in uno, falsus in omnibus is appropriate where the agency rejects documentary evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).